JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 01988

_____X

JAYMIA DAVIS, PAMELA THOMAS, BRANDON
THOMPSON, COREY POINDEXTER

CASE NO:

Plaintiffs,



**COMPLAINT**

-against-

**PLAINTIFF
DEMANDS
TRIAL BY JURY**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE
OFFICERS JANE/JOHN DOE #'s 1-15,

Defendant,
_____X

   PLAINTIFFS JAYMIA DAVIS, PAMELA THOMAS, and BRANDON THOMPSON, by their attorney DAVID A. ZELMAN, Esq., for their COMPLAINT, allege upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.  This is a civil rights action in which JAYMIA DAVIS (hereinafter "DAVIS"), PAMELA THOMAS (hereinafter "THOMAS"), BRANDON THOMPSON (hereinafter "THOMPSON"), and COREY POINDEXTER (hereinafter "POINDEXTER") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. On or about July 14, 2007 at

1

approximately 3:30 A.M. claimants were assaulted by NEW YORK CITY POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-15 (hereinafter "DOE(S)"), and excessive force was used. As a result of the incident, PLAINTIFFS suffered loss of earnings, loss of enjoyment of life, physical injury, mental anguish, shame, humiliation, indignity, damage to reputation, and economic damages, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. DAVIS resided at 420 Georgia Ave., apt 6H Brooklyn, NY 11207 at the time of the incident.

4. THOMAS resided at 854 Ashford Street, apt 3F Brooklyn, NY 11207 at the time of the incident.

5. THOMPSON resided at 420 Georgia Ave., apt 6G Brooklyn, NY 11207 at the time of the incident.

6. POINDEXTER resided at 400 Williams Ave., apt 1E Brooklyn, NY 11207 at the time of the incident.

7. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which

operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

8. Defendants DOE(S) were NYPD Officers, and at all relevant times hereto, acted in that capacity as an agents, servants, and/or employees of Defendant CITY and within the scope of their employment. At all relevant times hereto, DOE(S) were acting under the color of state and local law. Defendants DOE(S) are sued in their individual and official capacities.

## IV. FACTS

9. On or about July 14, 2007 at approximately 3:30 A.M. Plaintiffs were present at "Café 400" located at 713 Nostrand Avenue, Brooklyn, New York.

10. An altercation took place between some of the other 200-300 individuals present at the club. Approximately 15 New York City police officers arrived to disperse all partygoers at the club.

11. Plaintiffs were with a group of approximately 25 people who arrived for a party and were told by Does to wait for their rides on the corner.

12. While the group stood on the corner waiting, Does again approached to disperse them from the area altogether. While the group turned to leave, an officer began to assault various people that had not yet started walking.

13. THOMAS was pushed to the ground by an officer causing trauma to her back, arms, and right leg. THOMAS was rushed to Kings County Hospital in an ambulance.

14. DAVIS reached down to help a friend who had fallen to the ground when she was struck multiple times by the baton of DOE. DAVIS was rushed to Kings County

      Hospital in an ambulance for treatment.

15. THOMPSON held up his phone to record officers assaulting a friend and was struck by DOE's baton on his right upper back. THOMPSON received treatment at Brookdale University Hospital and East New York Diagnostic Treatment Center due to persisting pain.

16. POINDEXTER saw his cousin, Jaymia Davis, trying to help a friend up off the ground. He grabbed DAVIS in an attempt to pull her from the scene and was himself struck, receiving numerous blows from an officer's baton to his head, ribs and back. POINDEXTER was then falsely arrested and taken to the 77th Precinct before being released approximately 2 hours later. POINDEXTER went to Kings County Hospital for treatment later that night, and was diagnosed with a concussion by Presbyterian Children's Hospital after losing consciousness a few days later. POINDEXTER received a ticket for disorderly conduct upon his release which was later dismissed.

17. Other than POINDEXTER, PLAINTIFFS were never formally arrested or charged with any crime.

18. That heretofore and on the 28th day of August, 2007, PLAINTIFFS' notices of claim and Intentions to sue were duly served upon and filed with the CITY; said Notice were filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of PLAINTIFFS, the nature of the claims, the time when, the place where, the manner in which the claims arose and the items of damage and injuries sustained.

19. That at least thirty (30) days have elapsed since the demand or claims upon which

these actions are predicated were presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

20. Paragraphs 1 through 19 of this complaint are hereby realleged and incorporated by reference herein.

21. That Defendants had no valid evidence for the arrest of POINDEXTER, nor legal cause or excuse to seize and detain POINDEXTER for a period of approximately 2 hours.

22. That in detaining POINDEXTER for a period of 2 hours without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

23. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

24. As a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

25. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of POINDEXTER's rights alleged herein.

26. By reason of defendants' acts and omissions, defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of POINDEXTER's rights, subjected POINDEXTER to an unlawful, illegal and excessive detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27. By reason of the foregoing, POINDEXTER suffered, physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
**Pursuant to State Law (FALSE ARREST)**

28. Paragraphs 1 through 27 are hereby realleged and incorporated by reference herein.

29. That the seizure, detention and imprisonment of POINDEXTER was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison POINDEXTER.

30. That defendants intended to confine POINDEXTER.

31. That POINDEXTER was conscious of the confinement and did not consent to the

confinement.

32. That the confinement was not otherwise privileged.

33. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of POINDEXTER' rights, deprived POINDEXTER of his liberty when they subjected POINDEXTER to an unlawful, illegal and excessive detention, in violation of State law.

34. That by reason of the foregoing, POINDEXTER suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
**Pursuant to §1983 (EXCESSIVE FORCE)**

35. Paragraphs 1 through 34 are hereby realleged and incorporated by reference herein.

36. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

37. That Defendants had no legal cause or reason to use excessive force in dispersing PLAINTIFFS.

38. That Defendants violated PLAINTIFFS' Fourth and Fourteenth Amendment rights to be free from unreasonable seizures when they used excessive force against them

39. That at the time of the arrest, PLAINTIFFS did not pose a threat to the safety of

the arresting officers.

40. That PLAINTIFFS were not actively resisting or attempting to evade officers.

41. That defendant CITY, through its officers, agents, and employees, unlawfully subjected PLAINTIFFS to excessive force while dispersing them.

42. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

43. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of PLAINTIFFS rights, subjected PLAINTIFFS to excessive force while dispersing them, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

44. That upon information and belief, in 2007, defendant CITY had a policy or routine practice of using excessive force.

45. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

46. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the

constitutional rights of arrestees and were the cause of the violations of PLAINTIFFS rights alleged herein.

48. By reason of the foregoing, PLAINTIFFS suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
**Pursuant to State Law (EXCESSIVE FORCE)**

49. Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

51. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

52. That Defendants had no legal cause or reason to use excessive force in dispersing PLAINTIFFS.

53. That at the time of the arrest, PLAINTIFFS did not pose a threat to the safety of the arresting officers.

54. That PLAINTIFFS were not actively resisting defendant officers.

55. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

56. That by reason of Defendants acts and omissions, Defendants, acting under color

of state law and within the scope of their authority, in gross and wanton disregard of PLAINTIFFS rights, subjected PLAINTIFFS to excessive force while dispersing them, in violation of the laws of the State of New York.

57. By reason of the foregoing, PLAINTIFFS suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
**Pursuant to State Law (ASSAULT and BATTERY)**

58. Paragraphs 1 through 57 are hereby realleged and incorporated by reference herein.

59. That Defendants intended to cause harmful bodily contact to PLAINTIFFS.

60. That defendant Defendants, in a hostile manner voluntarily caused PLAINTIFFS' injuries.

61. That Defendants contact with PLAINTIFFS constituted a battery in violation of the laws of the State of New York.

62. That by reason of the foregoing, PLAINTIFFS suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

63. Paragraphs 1 through 62 are hereby realleged and incorporated by reference herein.

64. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

65. That at all times Defendants were acting within the scope of their employment.

66. That Defendant CITY was able to exercise control over Defendants activities.

67. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior.

68. By reason of the foregoing, PLAINTIFFS suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, PLAINTIFFS have suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to their reputation, loss of enjoyment of life, and other non-pecuniary losses. PLAINTIFFS have further experienced severe emotional and physical distress.

WHEREFORE, PLAINTIFFS respectfully requests that judgment be entered:

1. Awarding PLAINTIFFS compensatory damages in a full and fair sum to be determined by a jury;

11

2. Awarding PLAINTIFFS punitive damages in an amount to be determined by a jury;

3. Awarding PLAINTIFFS interest from July 14, 2007; and

4. Awarding PLAINTIFFS reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
February 27, 2008

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

JAYMIA DAVIS, PAMELA THOMAS, BRANDON THOMPSON,
COREY POINDEXTER

                Plaintiffs,

     -against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE
OFFICERS JANE/JOHN DOE #'s 1-3,

               Defendant,
_____X

## COMPLAINT

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072