UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JAYMIA DAVIS, PAMELA THOMAS, BRANDON THOMPSON, COREY POINDEXTER,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK, LT. JOHN KILGEN, POLICE OFFICER MATTHEW GRANAHAN shield #26635, POLICE OFFICER ANTHONY VITALE shield #21200, SERGEANT ARTHUR STAUDINGER shield #05388, POLICE OFFICER RAVI NARAYAN shield # 03426, POLICE OFFICER ERNEST HYACINTHE shield #03531, POLICE OFFICER STEPHEN MCGUIRE shield #12630, POLICE OFFICER DENIS KOSTA shield #05788, POLICE OFFICER ANTONIO MARTINEZ shield #12768,

                              Defendants.

**ANSWER TO AMENDED COMPLAINT**

08 CV 1988 (HB)

JURY TRIAL DEMANDED

------------------------------------------------------------------- x

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the amended complaint ("complaint"), respectfully alleges, upon information and belief, as follows[1]:

        1.     Denies the allegations set forth in paragraph "1" of the complaint.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

---

[1] Upon information and belief, defendants Kilgen, Granahan, Vitale, Staudinger, Narayan, Hyacinthe, McGuire, Kosta, and Martinez were all served with waivers of service and their time to respond to the waivers has not yet expired.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York, that it maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a full description of the City's functions and duties.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits that John Kilgen was employed by the City of New York as a police officer.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that Matthew Granahan was employed by the City of New York as a police officer.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that Anthony Vitale was employed by the City of New York as a police officer.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admits that Arthur Staudinger was employed by the City of New York as a police officer.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admits that Ravi Narayan was employed by the City of New York as a police officer.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admits that Ernest Hyacinthe was employed by the City of New York as a police officer.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admits that Stephen McGuire was employed by the City of New York as a police officer.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admits that Denis Kosta was employed by the City of New York as a police officer.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admits that Antonio Martinez was employed by the City of New York as a police officer.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admits that, upon information and belief, police officers responded to a call at Café 400.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about September 4, 2007.

27. Denies the allegations set forth in paragraph "27" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about September 4, 2007, and that the claims have not yet been settled.

28. In response to paragraph "28" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "27" as though fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to paragraph "36" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "35" as though fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to paragraph "43" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "42" as though fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. In response to paragraph "57" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "56" as though fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. In response to paragraph "66" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "65" as though fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. In response to paragraph "71" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "70" as though fully set forth herein.

72. Defendant states that the allegations set forth in paragraph "72" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

73. Defendant states that the allegations set forth in paragraph "73" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75. Defendant states that the allegations set forth in paragraph "75" are conclusions of law, rather than averments of fact. Accordingly, no response is required.

76. Denies the allegations set forth in paragraph "76" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

69. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

70. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

71. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore the City of New York is entitled to governmental immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

72. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of the defendant City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

73. Plaintiffs provoked any incident.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

74. Plaintiffs may have failed to comply with the conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

75. Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

76. Plaintiffs may not recover punitive damages from defendant City of New York.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

77. There was probable cause for plaintiff Poindexter's arrest and detention.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

78. Plaintiffs may have failed to comply with G.M.L. §§ 50(e) and (i).

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	July 17, 2008

                                     MICHAEL A. CARDOZO
                                     Corporation Counsel of the
                                        City of New York
                                     Attorney for Defendant City of New York
                                     100 Church Street, Room 3-208
                                     New York, New York 10007
                                     (212) 788-1895

By: _____/s/ JC_____
                                       Jessica T. Cohen (JC 0044)
                                       Assistant Corporation Counsel

To:	David Zelman, Esq. (by ECF)
	Attorney for Plaintiff

Docket No. 08 CV 1988 (HB)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JAYMIA DAVIS, PAMELA THOMAS, BRANDON THOMPSON, COREY POINDEXTER,<br><br>                          Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, LT. JOHN KILGEN, POLICE OFFICER MATTHEW GRANAHAN shield #26635, POLICE OFFICER ANTHONY VITALE shield #21200, SERGEANT ARTHUR STAUDINGER shield #05388, POLICE OFFICER RAVI NARAYAN shield # 03426, POLICE OFFICER ERNEST HYACINTHE shield #03531, POLICE OFFICER STEPHEN MCGUIRE shield #12630, POLICE OFFICER DENIS KOSTA shield #05788, POLICE OFFICER ANTONIO MARTINEZ shield #12768,<br><br>                          Defendants. |
| **ANSWER TO AMENDED COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Jessica T. Cohen*<br>*Tel: (212) 788-1895*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.* ..............................,2008<br><br>................................................... *Esq.*<br><br>*Attorney for* ................................. |

- 10 -